RECEIVED
AUG 24 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

IMPORTANT NOTICE: COURTESY COPIES OF DOCUMENTS YOU FILE SHOULD NOT BE PROVIDED TO ANY JUDGE. ALL COMMUNICATIONS WITH THE COURT SHALL ONLY BE MADE THROUGH DOCUMENTS FILED WITH THE CLERK OF COURT.

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| DEMETRIK BOSTON #435902 | DOCKET NO. 10-CV-631; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| CCA OF TENNESSEE, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on April 14, 2010 by *pro se* plaintiff Demetrik Boston, and the Amended Complaint filed on August 11, 2010. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections, and he is incarcerated at the Winn Correctional Center (WNC) in Winnfield, Louisiana. Plaintiff alleges that he was subjected to cruel and unusual punishment. Plaintiff seeks $100 million dollars in compensatory and punitive damages as well as unspecified injunctive relief.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Plaintiff's Allegations

Plaintiff initially named as defendants Warden Tim Wilkinson, Mr. Rauls, Captain Pamela Horne, Lt. Blakely, Officer Foster, Officer Polk, Officer Smith, Officer Harris, Officer Cooper, and Winn Correctional Center. However, after being ordered to amend

Plaintiff presents allegations against only Wilkinson, Smith, Blakely, and Horn.[1] Plaintiff presents the following allegations:

- On March 24, 2010, Plaintiff was housed in the Cypress Unit under for a rule infraction.[2]

- Around 11:30 p.m., Plaintiff was awakened by Officer Smith, who told Plaintiff that he had been called to the infirmary, along with other Cypress inmates.

- Plaintiff was cuffed and escorted out of Cypress by Officers Foster and Polk, along with other inmates.

- While walking to the infirmary, Lt. Blakely told Plaintiff to stop because he wanted to check Plaintiff's leg irons; Blakely instructed Officer Foster to escort the other inmates on to the infirmary.

- When the other inmates were gone, Blakely told Plaintiff that Captain Horne wanted to see him in the supervisor's office. **Plaintiff refused to go** and asked to be returned to his cell.

- After Plaintiff refused to go to the Captain's office, Blakely "grabbed Plaintiff's wrist in an attempt to force Plaintiff to the supervisor's office." Lt. Blakely shoved Plaintiff, and Plaintiff fell to the ground.

- Blakely proceeded to punch Plaintiff in the head/face with a closed fist and dragged Plaintiff toward the supervisors office by the chain of his handcuffs.

- As they got close to the supervisor's office, Blakely picked Plaintiff up from the concrete and forced him to the Birch Unit main walk.

- The supervisor, Captain Horne, observed Blakely dragging Plaintiff on the ground.

---

[1] No factual allegations have been made against Mr. Rauls, Officer Foster, Officer Polk, Officer Harris, Officer Cooper, and Winn Correctional Center; therefore, those defendants should be dismissed.

[2] Plaintiff initially alleged that he was in Cypress for "requested protective custody."

**Law and Analysis**

Plaintiff claims that **Warden Wilkinson** is liable for not enforcing some unidentified D.O.C. protective custody rules in Cypress Unit and for failing to supervise, train, and instruct his security officers. Plaintiff has not alleged any deliberate indifference by Wilkinson. First, Plaintiff was not physically in the Cypress Unit at the time of the alleged assault; he was alone in the hallway with the officer. Plaintiff has also failed to allege what supervision or training the guards lacked. Moreover, Plaintiff has not alleged that any causal link exists between the failure to train or supervise and the alleged violation of his rights, or that the failure to train or supervise amounted to deliberate indifference. See Winston v. City of Shreveport, 2010 WL 3190709 (Aug. 12, 2010)(unpublished). Plaintiff's claim against Wilkinson should be dismissed.

As noted above, Plaintiff has not presented any factual allegations against Rauls, Foster, Polk, Harris, Cooper, or "Winn Correctional Center"; therefore, those defendants should be dismissed. Service of process has been ordered on Blakely and Horn.

**Conclusion**

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's claims against **ONLY** the following defendants be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a

claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(B): **Warden Wilkinson, Rauls, Foster, Polk, Harris, Cooper, and Winn Correctional Center.**

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 23rd day of August, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE